```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| EARL D. HICKSON and | |
| MARKLAND K. GRANT | Civil Action No. |
| Plaintiffs, | 11-6304 (NLH-JS) |
| v. | **OPINION** |
| CHRISTOPHER C. MAURO, | |
| KATHLEEN M. BARTUS, | |
| SHARON FEDACZYNSKY, | |
| RUSSELL L. LICHTENSTEIN, | |
| VICTOR P. WASILAUSKAS, | |
| VINCENT J. RIZZO, JR., | |
| MARVIN L. FREEMAN, | |
| BRUCE WEEKS, | |
| BOARDWALK REGENCY CORP., | |
| d/b/a CAESARS ATLANTIC CITY | |
| HOTEL AND CASINO, and | |
| MARINA ASSOCIATES i/s/h/a | |
| Harrah's Hotel and Casino | |
| d/b/a HARRAH'S CASINO HOTEL | |
| ATLANTIC CITY a/k/a | |
| HARRAH'S ATLANTIC CITY | |
| Defendants. | |

Appearances:

EARL D. HICKSON
719 B KENTUCKY AVE
ATLANTIC CITY, NJ 08401

and

MARKLAND K. GRANT
1920 UNION STREET
APT. 4D
BROOKLYN, NY 11233
*Pro Se Plaintiff*s

**HILLMAN, District Judge**

      This matter comes before the Court upon plaintiffs'

filing of a complaint, *pro se*, and applications to proceed *in*

*forma pauperis* (IFP).  For the reasons explained below, plaintiffs' IFP applications will be granted, but their complaint shall be dismissed without prejudice.

## I. Standard for Reviewing Non Prisoner IFP Applications

Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application.  Although Section 1915 refers to "prisoners", Federal courts apply Section 1915 to non-prisoner IFP applications.  See Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (citing Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997); Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997)); El Ameen Bey v. Stumpf, No. 11-5684, 2011 WL 4962326, at * 11 n.7 (D.N.J. Oct. 17, 2011) (Kugler, J.) ("Although Section 1915(a) refers to a 'statement of all assets such prisoner possesses,' this section has been applied by courts in their review of applications of non-prisoners as well.") (citing Douris v. Middletown Twp., 293 Fed. App'x 130 (3d Cir. 2008); Fridman v. City of New York, 195 F.Supp.2d 534, 536 (S.D.N.Y. 2002); Clay v. New York Nat'l Bank, 2001 U.S. Dist. LEXIS 3209, (S.D.N.Y. Mar. 21, 2001)).

The decision to grant or deny an IFP application is

based solely on the economic eligibility of the petitioner.  See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976).  Both plaintiffs have signed affidavits in support of their IFP applications declaring under penalty of perjury that their income amounts to $100 - $150 per month based on "gifts" and that their monthly expenses exceed their monthly incomes.  Based on this information, the Court will grant their IFP applications.

Having filed an IFP application, pursuant to Section 1915(e)(2), the Court "shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted."  See 28 U.S.C.A. § 1915(e)(2). Accordingly, the Court shall review plaintiffs' complaint under the standard afforded to *pro se* litigants.

### II.  Standard for Reviewing Pro Se Complaints

Pro se complaints must be construed liberally, and all reasonable latitude must be afforded the pro se litigant.  Haines v. Kerner, 404 U.S. 519, 520 (1972), reh'g denied, 405 U.S. 948 (1972).  Even though pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Estelle v. Gamble, 429 U.S. 97, 107 (1976), pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure."  McNeil v. United States, 508 U.S. 106, 113 (1993)("[W]e have never suggested that

procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, No. 06-1745, 2006 WL 3314518, at *2 (3d Cir. 2006)(finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure).

### III. Discussion

Plaintiffs filed a 61-page complaint asserting civil rights claims pursuant to 42 U.S.C.A. §§ 1981, 1983, and 1985, claims of civil conspiracy and fraud, and a criminal claim alleging violation of 18 U.S.C.A. § 2071 (concealment, removal, or mutilation of court or public documents).

At the outset, plaintiffs' criminal charge brought pursuant to 18 U.S.C.A. § 2071 must be dismissed.  A private citizen lacks standing to file criminal charges.  See Maine v. Taylor, 477 U.S. 131, 136, 106 S.Ct. 2440 (1986) ("...the United States and its attorneys have the sole power to prosecute criminal cases in the federal courts..."); Wingate Inns, Int'l, Inc. v. HighTech Inn.com, LLC, No. 07-5014, 2009 WL 5216978, at *6 (D.N.J. Dec. 29, 2009) (finding private citizen may not bring a criminal action) (citations omitted)).

Regarding the remaining claims, it appears that plaintiffs are bringing claims against various individuals involved in earlier litigation in which plaintiff Hickson had

4

sued Harrah's Hotel and Casino ("Harrah's) and others (No. 08-2407-NLH-KMW), and in a separate complaint, in which plaintiff Grant had sued Ceasar's Hotel and Casino ("Ceasar's") and others (No. 10-5653-RBK-JS).  Both earlier cases are still pending in this District.

With regard to plaintiff Hickson's earlier lawsuit, plaintiff filed a pro se § 1983 action against Harrah's, the New Jersey Division of Gaming Enforcement, and other state actors alleging malicious prosecution, false arrest, false imprisonment, and abuse of process, as well as various state law claims. Hickson v. Marina Associates, 743 F.Supp.2d 362, 369-78 (D.N.J. 2010).  The parties filed motions for summary judgment, and the defendants' motions for summary judgment were granted in part and denied in part, and plaintiff Hickson's motion for summary judgment was denied.  Id. at 380.  Plaintiff Hickson then filed a motion for default judgment which was denied by the Court, and also filed a motion for reconsideration which was granted in part and denied in part.  The Court entered an Order ruling that plaintiff Hickson could proceed with his Section 1983 claim regarding an alleged unreasonable search of his bag without his consent by Officer Kosko and supplemental state law claims. Plaintiff Hickson also filed a notice of appeal which was denied by the Third Circuit because this Court has not yet entered final judgment.  Pending before the Court is defendant Officer Kosko's

motion for summary judgment to dismiss the Section 1983 and state law claims.  Plaintiff Hickson has not responded to Officer Kosko's motion.[1]

With regard to plaintiff Grant's earlier lawsuit, defendant Ceasar's motion to dismiss was granted.  There is an amended complaint against the remaining defendants and a discovery order scheduling the deposition of plaintiff.[2]

In this case, both plaintiffs filed one complaint against Harrah's and Ceasar's and against the attorneys who represented the defendants in the earlier lawsuits.[3]  Although lengthy, plaintiffs' complaint does not properly state a claim.  Rather, plaintiffs recite in general terms what they consider to be the type of behavior that constitutes fraud, conspiracy or a violation of civil rights, but do not provide any applicable or relevant factual allegations in support of their claims.  They also recite certain procedural "facts" according to their

---

[1]   Plaintiff Hickson's opposition brief was due September 19, 2011.

[2]   It is not known whether plaintiff Grant appeared for the Court ordered deposition.  On September 22, 2011, the Clerk of Court placed an entry on the docket that mail sent to plaintiff was returned as undeliverable.  The Brooklyn, NY address in plaintiff Grant's earlier lawsuit is the same listed in this lawsuit.

[3]   Defendants Sharon Fedaczynsky and Bruce Weeks are not listed as counsel in the earlier litigation.  Plaintiff states they are listed as defendants due to their "concerted actions" ...[the conspiracy]".

interpretation, but these "facts" are largely irrelevant. Overall, it appears that plaintiffs are unhappy with the representation of the defendants' lawyers in their earlier lawsuits and somehow believe that legal representation of an opposing party gives rise to civil rights claims, fraud or conspiracy.  It does not.  None of the "facts" cited by plaintiffs amount to a claim, even based on a liberal reading of the complaint.  Nor does plaintiffs' articulated dissatisfaction with the procedural and substantive decisions by the Court, its officers, and employees give rise to a cause of action against the parties and their agents.  Plaintiffs' remedy for errors, if any, in the underlying cases is their right of appeal in the appropriate manner and at the appropriate time.

Furthermore, plaintiffs' complaint fails to comply with Fed.R.Civ.P. 8(a), or the requirement that the plaintiffs provide defendants with fair notice of their claim and the grounds upon which it rests. See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (determining that the Twombly decision focuses on the "context" of the required short, plain statement and that fair notice under Rule 8(a)(2) for some complaints require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.") (citing Twombly, 127 S.Ct. at 1964).

"...[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Id. *(*citing Twombly, 127 S.Ct. at 1965 n. 3).  As currently written, the complaint is too convoluted for a defendant to be able to understand the allegations and provide an adequate answer.

**IV. Conclusion**

For the foregoing reasons, plaintiffs' complaint will be dismissed without prejudice, with leave to refile an amended complaint.[4]

                              s/Noel L. Hillman
                              NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey
Dated: November 30, 2011

---

[4] Although the Court will grant plaintiffs leave to file an amended complaint, the Court has the power to dismiss a complaint with prejudice on the ground that amending the complaint would be inequitable or futile.  See Phillips v. County of Allegheny, 515 F.3d 224, (3d Cir. 2008) (finding that a district court must permit a curative amendment unless such an amendment would be inequitable or futile).  Here, in an effort to apply as liberal a reading of their complaint as possible, the Court will permit them to amend their complaint.  The Court cautions, however, that any amended complaint must state a valid cause of action or it will be dismissed with prejudice.  See Fed.R.Civ.P. 8(a); Foster v. Raleigh, No. 11-1572, 2011 WL 4454169, at *1 (3d Cir. Sept. 27, 2011)(affirming district court's dismissal of amended complaint with prejudice on ground that further amendment "would be futile because Mr. Foster's claims are unintelligible, and he appears to lack the capacity to file comprehensible pleadings.").